UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARREN CARTWRIGHT, Individually and on Behalf of the Estate of Patricia Cartwright, Deceased, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 4:17-CV-2851 RLW ) ) ) ) ) |

## MEMORANDUM AND ORDER

This product liability matter is before the Court on numerous motions filed by the parties: a Motion to Stay all Proceedings by defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. [ECF No. 4]; a Motion to Remand filed by Plaintiffs and a Motion to Expedite Ruling on Motion to Remand [ECF Nos. 11, 13]; a Motion to Dismiss Case and a Motion to Sever Claims and Transfer for Improper Venue filed by defendant PTI Union, LLC [ECF Nos. 25, 34]; a Motion to Dismiss for Lack of Jurisdiction filed by defendant PTI Royston, LLC [ECF No. 31]; a Motion for an Extension of Time and a Motion for Hearing filed by Plaintiffs [ECF Nos. 36, 37]; a Motion for Joinder in Opposition to Plaintiff's Motions filed by PTI Union [ECF No. 41]; a Motion to Dismiss for Lack of Jurisdiction, a Motion for Joinder in the Motion to Stay, a Motion for Joinder in the Motion to Stay Memorandum, and a Motion for Joinder in the Opposition to Plaintiffs' Motion for Hearing, each filed by defendant Imerys Talc America, Inc. [ECF Nos. 45, 47, 48, and 49]; and Plaintiffs' Motion for Extension of Time to File Response to Motion to Dismiss [ECF No. 51].

Forty Plaintiffs filed this case in state court, alleging that the use of talc products caused their ovarian cancer or that of their deceased. Johnson & Johnson and Johnson & Johnson Consumer Inc. ("the Johnson & Johnson Defendants") removed the case to federal court on the grounds that diversity of citizenship exists because PTI Union LLC and PTI Royston LLC, the only Missouri-based defendants, were fraudulently joined in this action because they are immune from liability to Plaintiffs under the contract specifications defense.

The Johnson and Johnson Defendants seek a stay of this matter pending transfer to the multidistrict litigation now pending before Judge Freda Wolfson in the United States District Court for the District of New Jersey. *See In re Johnson & Johnson Talcum Powder Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738. Plaintiffs oppose the motion, and request an expedited ruling from the Court remanding the case to state court prior to the disposition of the Motion to Stay. The Court finds that a stay is appropriate in this case and declines to address the other pending motions.

## **Legal Standards**

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" *Id.* (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466 ERW, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted). "However, '[a] putative transferor court need not

automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed.'" *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13CV00855 CEJ, 2013 WL 2643302, at 1 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc.*, No. 4:12CV01221 CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 21, 2012) (internal quotation omitted)).

## Discussion

The Johnson and Johnson Defendants argue that a stay pending transfer would promote judicial economy and consistency of rulings. Further, they assert that absent a stay, the Court will waste time supervising pretrial proceedings and ruling on motions in a case that will soon be transferred to the MDL court. Moreover, they argue they will be significantly prejudiced and suffer hardship because they would be required to engage in duplicate discovery and motions practice. In response, Plaintiffs maintain that the removal is "pure gamesmanship" designed to deprive them of their day in court.

The Court finds that judicial economy weighs heavily in favor of granting a stay in this matter. "A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary." *Simmons*, 2015 WL 6063926, at *1. Further, the Court notes that other recent cases presenting the same claims against the same Defendants addressed the same stay and remand issues. In those cases, the district judges stayed the proceedings pending transfer to the MDL panel. *See Johnson v. Johnson & Johnson*, No. 4:17-CV-2651 SNLJ (E.D. Mo. Dec. 5, 2017); *Jinright v. Johnson & Johnson*, No. 4:17CV01849 ERW (E.D. Mo. Aug. 30, 2017); *McBee v. Johnson & Johnson*, No. 4:17-CV-01496 JAR (E.D. Mo. June 9, 2017); *Rice v. Johnson & Johnson*, No. 4:17-CV-01224-CDP (E.D. Mo.); *Ghormley v. Johnson & Johnson*, No. 4:17-CV-00585 (CEJ) (E.D. Mo. Apr. 27, 2017); *Rea v. Johnson & Johnson*, No. 4:16-CV-

3

2165 SNLJ (E.D. Mo. Feb. 22, 2017). The Court finds no reason to depart from these cases. Therefore, the Court will grant the Johnson and Johnson Defendants' motion to stay all proceedings in this matter pending transfer to the MDL court. The Court notes that Plaintiffs will have a full and fair opportunity to present their arguments for remand to the MDL court should the case be transferred to MDL No. 2738.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Joinder in the Motion to Stay All Proceedings by Imerys Talc America, Inc. [ECF No. 47] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Stay [ECF No. 4] is **GRANTED**. This case shall be **STAYED** pending a decision by the MDL Panel on whether to transfer this case to MDL No. 2738 in the United States District Court for the District of New Jersey.

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED** without prejudice.

Dated this 7th day of March, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**